UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOANNE SMITH,
DONALD SMITH, and
EDWARD LILLY,

                              Plaintiffs,

                                                    **DECISION AND ORDER**
          v.                                         11-CV-540A

BEN CAMPBELL and
NEW YORK STATE POLICE,

                              Defendants.

## I.    INTRODUCTION

        Pending before the Court are two motions, one by each defendant, in this

federal civil-rights case brought under 42 U.S.C. §§ 1983 and 1985.  Defendant

New York State Police ("NYSP") has filed a motion (Dkt. No. 6) to dismiss the

complaint for failure to state a claim and for lack of subject-matter jurisdiction,

pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure

("FRCP").  NYSP contends that the complaint alleges events occurring outside

of the limitations period for federal civil-rights actions.  NYSP contends further

that Eleventh Amendment sovereign immunity requires dismissal of any causes

of action against it.  Plaintiffs have agreed to withdraw the fourth cause of action

in the complaint.  Plaintiff opposes the rest of NYSP's motion on the grounds

that the Eleventh Amendment does not reach the scenario of New York citizens suing their own state in federal court for federal civil-rights violations.

Meanwhile, defendant and New York State Trooper Ben Campbell ("Campbell") has filed a motion (Dkt. No. 12) to set aside the entry of default that the Clerk of the Court filed against him on August 30, 2011.  Campbell argues that he delayed in appearing in the case only because he had to obtain authorization from the New York Attorney General's Office for private counsel. Campbell argues further that he has a meritorious defense that he should be allowed to pursue through further litigation.  Plaintiffs insist that Campbell had enough notice and time to appear in the case and chose not to put in an earlier appearance.  As a result, according to plaintiffs, the Court should proceed to a hearing to determine damages, interest, costs, and an order of protection against Campbell.

The Court has deemed both motions submitted on papers pursuant to FRCP 78(b).  For the reasons below, the Court grants both motions.

## II.    BACKGROUND

This case concerns allegations that defendants have harassed and intimidated plaintiffs intermittently since November 22, 2007, in violation of their federal civil rights.  In the 109 factual background paragraphs in the complaint, plaintiffs set forth that they are residents of Lewiston, New York who have had several encounters with state police in Lewiston over the past four years.  The

2

theme common to all of the alleged encounters with defendants appears to be

an initial abuse of law enforcement authority—for example, trumped-up traffic

violations and an unprovoked stakeout of plaintiffs' house—followed by attempts

at intimidation when plaintiffs assert themselves in their own defense.

Plaintiffs filed their complaint on June 24, 2011, asserting five causes of

action against defendants.  In the first cause of action, plaintiffs accuse

defendants of violating their First Amendment rights, thereby violating 42 U.S.C.

§ 1983.  In the second cause of action, plaintiffs repeat the first cause of action

verbatim but allege a violation of 42 U.S.C. § 1985.  In the third cause of action,

plaintiffs repeat the first cause of action but omit reference to any civil-rights

statute.  In the fourth cause of action, plaintiffs accuse defendants of intentional

infliction of emotional distress under state law.  In the fifth cause of action,

plaintiffs do not assert any new theory of liability but assert that NYSP is liable

for Campbell's conduct through the doctrine of *respondeat superior*.  Plaintiffs

served the complaint on Campbell on June 29, 2011 and on NYSP on July 7,

2011.  When Campbell did not answer the complaint within the time required by

FRCP 12, plaintiffs requested an entry of default on August 29, 2011.  The Clerk

of the Court filed an entry of default against Campbell on August 30, 2011.

NYSP filed its motion to dismiss on August 12, 2011.  NYSP asserts two

grounds for dismissal.  To the extent that the complaint alleges events occurring

more than three years before its filing, NYSP asserts that those allegations now

are untimely.  Additionally, NYSP asserts that it is part of the State of New York

and therefore enjoys the state's Eleventh Amendment sovereign immunity from

suit.  In response, plaintiffs agree to withdraw the fourth cause of action but

otherwise oppose NYSP's motion.  In response to NYSP's allegation that the

applicable limitations period has expired for plaintiffs' allegations, plaintiffs assert

that "there are no untimely causes of action, but what the Plaintiffs have alleged

are timely facts within the Statute of Limitations and additional facts that lead to

a pattern of action on the part of Trooper Campbell as well as the New York

State Division of Police in depriving the Plaintiffs of their rights under the

Constitution and the Statutes of the United States."  (Dkt. No. 18 at 3.)  As for

NYSP's claim to sovereign immunity, plaintiffs contend that

> The arguments with respect to the 11th Amendment are again not
> applicable in this case.  The 11th Amendment which was passed in
> 1795 states "The Judicial power of the United States shall not be
> construed or extend to any suit in law or equity, commenced or
> prosecuted against one of the United States by citizens of another
> state, or by citizens or subjects of any foreign state."  This is a
> lawsuit by citizens of New York State against the State of New York.
> Therefore the State of New York shall not be held to be immune
> from lawsuit because of the 11th Amendment.

(*Id.* at 2.)

Meanwhile, Campbell filed his motion to set aside the entry of default on

September 1, 2011.  According to Campbell, he delayed in responding to the

complaint only because the New York Attorney General's office took until August

12, 2011 to authorize him to retain private counsel.  Campbell contends that he

4

became active in the case within a day or two of retaining private counsel.

Additionally, Campbell asserts that all of his interactions with plaintiffs occurred

in his official capacity as a state trooper, and that he should be allowed to

pursue meritorious defenses such as qualified immunity.  Plaintiffs oppose the

motion by noting that Campbell was fully on notice of this action when he was

served on June 29, 2011.  According to plaintiffs, even if Campbell needed time

to receive authorization to obtain private counsel, he knew that he had 20 days

to respond to the complaint and took no action until considerably later.  On this

basis, plaintiffs ask the Court to proceed directly to a hearing to determine

damages, interest, costs, and an order of protection against Campbell.

## III.    DISCUSSION

### A.    *Motion to Dismiss by New York State Police*

#### 1.    *FRCP 12(b)(6) and 12(b)(1) Generally*

Since NYSP's motion to dismiss touches on both FRCP 12(b)(6) and

12(b)(1), a brief review of each applicable standard is in order.

"A pleading that states a claim for relief must contain . . . a short and plain

statement of the claim showing that the pleader is entitled to relief."  FRCP

8(a)(2).  "'A short and plain statement of the claim' does not mean 'a short and

plain statement of the eventual jury charge for that claim' or 'a short and plain

recitation of the legal elements for that claim.'  FRCP 8(a)(2) requires a plaintiff

to state, in concise but plausible fashion, what he currently thinks a defendant

actually did to him, subject to revision during later discovery." *Beswick v. Sun Pharm. Indus., Ltd.*, No. 10–CV–357, 2011 WL 1585740, at *5 (W.D.N.Y. Mar. 4, 2011) (Arcara, *J.*).  Courts assess FRCP 12(b)(6) motions by "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citation omitted).

The standard under FRCP 12(b)(1) is straightforward.  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted).  "[W]e must accept as true all material factual allegations in the complaint, but we are not to draw inferences from the complaint favorable to plaintiffs.  We may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but we may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (citations omitted).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113 (citation omitted).

### 2.    *Limitations Periods*

NYSP has alleged in its motion that the allegations that plaintiffs made in their complaint are untimely.  "The statute of limitations for actions brought

pursuant to §§ 1983 and 1985 is three years." *Paige v. Police Dep't of City of Schenectady*, 264 F.3d 197, 199 n.2 (2d Cir. 2001) (citations omitted).  Here, plaintiffs filed their complaint on June 24, 2011.  NYSP is correct that the complaint alleges factual events that occurred before June 24, 2008, three years prior to the filing of the complaint.  The complaint, however, also alleges events that occurred in 2009 and 2010.  Of the four remaining causes of action in the complaint, none is framed to rest within any particular time frame.  *Cf. Olma v. Collins*, No. 11-CV-61, 2011 WL 3759801, at *6 (W.D.N.Y. Aug. 25, 2011) (Arcara, *J.*) ("Of the five causes of action in the amended complaint, however, none appear to have accrued exclusively from events occurring before January 21, 2008—three years before the filing of the original complaint . . . . At this time, the parties have not provided any information to the Court that suggests otherwise.").  Construing the complaint liberally, plaintiffs may be able to establish that their causes of action accrued at least in part on or after June 24, 2008.  Consequently, the Court denies this aspect of NYSP's motion.

       3.    *Sovereign Immunity*

In its motion, NYSP claims that the Eleventh Amendment shields it from suit altogether.  The first issue to resolve here is how NYSP, as a state agency, relates to the Eleventh Amendment.  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by

Citizens or Subjects of any Foreign State."  U.S. Const. amend. 11.  Under the plain language of the Eleventh Amendment, the State of New York itself would be immune had plaintiffs named it as a defendant.  As a state agency, NYSP is an extension of the State of New York.  *Cf. Jones v. N.Y.S. Div. of Military & Naval Affairs*, 166 F.3d 45, 49 (2d Cir. 1999) (finding that state agencies are entitled to Eleventh Amendment immunity); *see also Seitz v. DeQuarto*, 777 F. Supp. 2d 492, 499 (S.D.N.Y. 2011) ("Indeed, the Eleventh Amendment bars Section 1983 damages suits against both state governmental bodies and officials.  Thus, both the State Police (a governmental subunit of the State of New York) and the Investigators, in their official capacities, are immune from [plaintiffs'] suit.  The Constitution forbids the prosecution of these claims against the State and its officials.") (citation omitted).  Therefore, NYSP shares whatever Eleventh Amendment immunity the State of New York itself would have if plaintiffs had named the state directly.

Next, the Court will resolve what kind of immunity NYSP receives in an action such as this one, by way of the Eleventh Amendment.  "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to

8

override that immunity." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).  Here, plaintiffs seek exactly the kind of civil-rights relief that the Supreme Court prohibited in *Will*.  Plaintiffs have not offered any authority suggesting that New York has waived its sovereign immunity so as to allow them to proceed.  As quoted above, plaintiffs contend, without citation, that they may nevertheless proceed against NYSP because the Eleventh Amendment bars only suits against states by citizens of other states, not citizens of the same state.  That rationale "is an attempt to strain the constitution and the law to a construction never imagined or dreamed of.  Can we suppose that, when the eleventh amendment was adopted, it was understood to be left open for citizens of a state to sue their own state in the federal courts, while the idea of suits by citizens of other states, or of foreign states, was indignantly repelled?"  *Hans v. Louisiana*, 134 U.S. 1, 15 (1890).  The answer, since at least 1890, has been no. *See also Welch v. Texas Dep't of Highways & Public Transp.*, 483 U.S. 468, 472 (1987) ("[T]he Court long ago held that the Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court, even though the express terms of the Amendment refer only to suits by citizens of another State.") (citations omitted).  Accordingly, the Court grants NYSP's motion on the basis of sovereign immunity and dismisses the complaint as against it.

**B.**   *Motion to Set Aside Default by Ben Campbell*

The Court next will consider Campbell's motion to set aside the entry of default filed against him.  "[W]e have established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment.  These widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented."  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (citations omitted).

As for willfulness, "[w]e have interpreted 'willfulness,' in the context of a default, to refer to conduct that is more than merely negligent or careless . . . . On the other hand, the court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained."  *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (citations omitted).  Here, Campbell was entitled to representation by the New York Attorney General's Office because he was a state employee who putatively was acting within the scope of his employment when a Section 1983 claim accrued. *See* N.Y. Pub. Off. Law § 17(2)(a) (Westlaw 2011) ("Upon compliance by the employee with [notice and cooperation provisions] of this section, the state shall provide for the defense of the employee in any civil action or proceeding in any state or federal court arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting

10

within the scope of his public employment or duties; or which is brought to

enforce a provision of section nineteen hundred eighty-one or nineteen hundred

eighty-three of title forty-two of the United States code and the act or omission

underlying the action occurred or is alleged in the complaint to have occurred

while the employee was acting within the scope of his public employment or

duties.").  There is no evidence that Campbell hindered action by the Attorney

General's office by failing to provide proper notice of the suit or by failing to

cooperate with any initial investigation.  The Attorney General's office eventually

cleared Campbell for private counsel under N.Y. Public Officers Law § 17(2)(b),

which states "that the employee shall be entitled to representation by private

counsel of his choice in any civil judicial proceeding whenever the attorney

general determines based upon his investigation and review of the facts and

circumstances of the case that representation by the attorney general would be

inappropriate."  The Attorney General's office did not clear Campbell for private

counsel until August 12, 2011, however, which fell well beyond the 20-day

deadline to answer the complaint.  Since Campbell was entitled to state

representation until the state decided otherwise, there is no reason to hold

Campbell responsible for any delay through August 12, 2011.  The additional

delay from August 12 to August 30, 2011, when Campbell retained private

counsel, is not unreasonable, as Campbell would have needed some time to

discuss his case with potential attorneys who would take it.  Further, this final

two-week delay makes no difference to plaintiffs' argument that Campbell should remain in default simply because his initial 20 days to answer expired.  Under these circumstances, the Court finds that Campbell's default was not willful.

As for prejudice, this case is only a few months old, and discovery has not yet begun.  *See Brown v. Lian*, No. 10-CV-396, 2011 WL 529914, at *2 (W.D.N.Y. Feb. 8, 2011) (Arcara, *J.*) (finding no prejudice where a case was "in its very early stages"); *Gillard v. Clement*, No. 07-CV-281, 2008 WL 5231356, at *2 (W.D.N.Y. Dec. 11, 2008) (Skretny, *J.*) ("There is no prejudice to Plaintiff because this case is still in the early stages, discovery has yet to be conducted, and Defendants did not delay after noticing the entry of default, but immediately filed their Motion to Set Aside Default.").  Since plaintiff will not lose any opportunity to advance his case against Campbell, and since courts favor resolving disputes on the merits, *see Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (citing *Enron*), the Court finds that setting aside Campbell's default will not prejudice plaintiff.

Finally, the Court notes that Campbell has presented what, at face value, appear to be meritorious defenses.  "A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense."  *Enron*, 10 F.3d at 98 (citations

12

omitted); *accord State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004) (citing *Enron*).   Campbell has explained briefly that he intends to defend himself against plaintiffs' accusations by establishing that plaintiffs have mischaracterized his conduct and that all of his interactions with plaintiffs had legitimate law enforcement purposes free of animus or ulterior motives.   Campbell has asserted further that he may receive qualified immunity. Plaintiffs likely will contest Campbell's representations, but the Court need not make credibility findings to find potentially meritorious defenses.   What matters here is that Campbell, through his counsel, has raised facially plausible defenses that, if proven, would be complete defenses to the allegations against him.   Under those circumstances, Campbell should have an opportunity to explore his defenses further.

## IV.   CONCLUSION

For all of the foregoing reasons, the Court grants NYSP's motion to dismiss (Dkt. No. 6) and Campbell's motion to set aside the entry of default filed against him (Dkt. No. 12).   Campbell shall answer or otherwise respond to plaintiffs' complaint within 20 days of entry of this Decision and Order.

SO ORDERED.

s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: September 27, 2011