UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

---

JOANNE SMITH,

DONALD SMITH, and

EDWARD LILLY,

       Plaintiffs,

   v.           **DECISION AND ORDER**

                11-CV-540A

BEN CAMPBELL

       Defendant.

---

## INTRODUCTION

  The defendant in this federal civil rights action, Ben Campbell, a New York State Police Trooper, has moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss claims asserted against him by plaintiffs Joanne Smith, Donald Smith, and Edward Lilly. In the complaint, the plaintiffs allege that defendant Campbell harassed and intimidated them in violation of their constitutional rights under the First and Fourth Amendments to the U.S. Constitution. They bring their action pursuant to 42 U.S.C. § 1983 and seek compensatory damages, punitive damages, and injunctive relief.

  In support of his motion to dismiss, defendant Campbell contends that the plaintiffs have failed to demonstrate the violation of any specific federal right,

requiring that their claims be dismissed as a matter of law. For the reasons set forth below, the claims by plaintiffs Joanne Smith and Edward Lilly are dismissed pursuant to Fed. R. Civ. P. 12(b)(6), with leave to amend, while the claims by plaintiff Donald Smith are dismissed with prejudice. Additionally, the plaintiffs' claim for recovery directly under the First Amendment is dismissed, *sua sponte*, under Fed. R. Civ. P. 12(h)(3), for lack of subject matter jurisdiction.

## BACKGROUND

The events alleged in the complaint are harassment, intimidation, and abuse of authority by defendant Campbell in his capacity as a New York State Trooper. Although much of the lengthy factual section of the complaint concerns third parties and allegations irrelevant to the assertion of a federal claim, the incidents involving the defendant and the three plaintiffs can be divided roughly into three discrete sets of events. For purposes of deciding the motion under Rule 12(b)(6), the Court assumes that facts alleged in the complaint are all true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*A. Traffic Tickets: November 2007–June 2009.*

In the first encounter alleged, on November 22, 2007, plaintiff Joanne Smith was driving on Center Road in Lewiston, New York, when defendant Campbell began to follow her in his personal pick-up truck. When the plaintiff reached her destination, a private residence where her son was staying,

2

defendant Campbell pulled in the private driveway behind her and began to question her. The defendant accused the plaintiff of pulling out in front of him at a stop sign on Center Road, and questioned whether she was under the influence of drugs or alcohol.

Plaintiff Joanne Smith's son, non-party Tom Smith, became involved in the encounter. When Tom Smith asked whether the defendant "made it a habit" of making traffic stops in off-duty cars, defendant Campbell responded, "That's it, your mother's getting two tickets now." Defendant Campbell then drove off, without having issued tickets.

Several days later, on November 26, 2007, Joanne Smith and Donald Smith, her husband, lodged a complaint against defendant Campbell at the New York State Trooper Barracks in Lewiston. After voicing their grievance to Sergeant Hieser of the New York State Police, the Smiths returned home. Hours later, defendant Campbell personally delivered three traffic tickets to plaintiff Joanne Smith at her home, for violations allegedly occurring on November 22: (1) for failing to stop at a red light; (2) for failing to remove ice from her windows; and (3) for failing to yield the right of way at a stop sign.[1]

After appearing before Town Justice Thomas Sheeran on July 9, 2008, and pleading not guilty to each violation in the tickets, plaintiff Joanne Smith was found guilty on all three charges. The decision was supported in part by

---
[1] Plaintiffs allege in the complaint that the initial tickets issued by Defendant Campbell were illegible. After complaining to the New York State Police, they received new copies of the tickets.

3

defendant Campbell's testimony. In June, 2009, two of the three tickets were reversed on appeal by the County Court of Niagara County.

### B. *Orange Cat Coffee Company – July 12, 2008*

The next set of events described in the complaint relate to an incident occurring at the Orange Cat Coffee Company, a café located in Lewiston. On July 12, 2008, plaintiff Joanne Smith's son, non-party Tom Smith, remarked to other patrons at the café that defendant "Campbell was harassing" his mother and himself. Eventually, a customer called the Lewiston Police Department, and for some reason, defendant Campbell arrived. Tom Smith had left by that point.

Defendant Campbell proceeded to drive to Joanne and Donald Smith's house, looking for their son. The defendant stopped his car "directly outside" plaintiffs' house, and "came to the door of the house." Plaintiff Donald Smith informed defendant Campbell that Tom Smith was not at home. At that point, plaintiff Edward Lilly, Joanne and Donald Smith's son-in-law, arrived at the house. Defendant Campbell and plaintiff Lilly had a verbal disagreement, during which the defendant shouted, "Ed Lilly . . .,[you] don't belong here and . . . this is none of your business." Defendant Campbell and Lewiston Police Officer John Pinzotti, who was also present, stood directly in front of and behind plaintiff Lilly, respectively, in a manner alleged to be intimidating. The defendant ordered Lilly to leave. It is unclear from the complaint whether plaintiff Lilly did in fact leave, but defendant Campbell and Officer Pinzotti left at that time.

4

Later that day, plaintiff Lilly filed a complaint against defendant Campbell at the New York State Police Trooper Barracks. On July 15, 2009, while at the Lewiston Town Court,[2] defendant Campbell pointed at plaintiff Lilly and yelled, "He is the one who lies and slanders."

*C. Newspaper Dump Investigation – July 16, 2009*

On or about July 16, 2009, several copies of a local newspaper were left in defendant Campbell's front yard. At roughly 2:00 a.m., two New York State Police officers arrived at plaintiffs Joanne and Donald Smith's house, again looking for their son, whom officers suspected was involved in leaving the newspapers in Campbell's front yard. This time, Tom was in fact home, and was questioned by two officers.

After questioning Tom Smith, the officers went to plaintiff Lilly's house to further investigate the incident. While others were questioning plaintiff Lilly, defendant Campbell, who had been seated in the passenger seat of one of the New York State Trooper vehicles in the driveway, got out of the car and yelled, "He is a documented liar," pointing to plaintiff Lilly. Defendant Campbell "started aggressively approaching" plaintiff Lilly, but was blocked by two other officers. The police officers informed plaintiff Lilly they would get a warrant in the morning, and then departed.

---
[2] In ¶ 88, the complaint states that plaintiff Lilly was present at court "as a result of Defendant, Campbell's tickets being dismissed by the County Court." However, it is unclear from the allegations of the complaint what was going on during the July 15, 2009 session of Lewiston Town Court.

5

Plaintiff Lilly then drove to plaintiffs Joanne and Donald Smith's house, at approximately 3:30 a.m. For the next hour, the three plaintiffs saw a New York State Police vehicle repeatedly drive past, and then park across the street from the Smith residence. They suspected that the vehicle was driven by defendant Campbell.

*D. Prior Proceedings*

Plaintiffs' amended complaint asserted four claims against defendant Campbell: (1) deprivation of rights under 42 U.S.C. § 1983; (2) deprivation of rights under 42 U.S.C. § 1985; (3) deprivation of rights under the First Amendment to the United States Constitution; and (4) intentional infliction of emotional distress.[3] On October 17, 2011, defendant Campbell filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint in its entirety, for failure to state a claim upon which relief can be granted. In response to the defendant's motion and supporting memorandum of law, plaintiffs withdrew the § 1985 and emotional distress causes of actions, leaving only the § 1983 and First Amendment claims.

## DISCUSSION

**A. First Amendment Claim.** Plaintiffs' claim for relief directly under the First Amendment to the United States Constitution is dismissed, *sua sponte*, for

---

[3] Also named in the initial complaint was the New York State Police. By Decision and Order of this Court entered on September 27, 2011, the claims against that defendant were dismissed, pursuant to Fed.R.Civ.P. 12(h)(3) and the State of New York's sovereign immunity.

lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3). Although the U.S. Supreme Court has recognized that the victims of constitutional violations by an officer of the federal government may have a right to recover arising directly from the text of the Constitution, the Court has made clear that such claims are limited to instances where no alternative remedy exists. S*ee Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Where Congress has explicitly provided an alternative remedy intended to be a substitute for recovery directly under the Constitution, federal courts refuse to recognize an implied right of action under any of the constitutional amendments. *See Carlson v. Green*, 446 U.S. 14, 19 (1980); *Arar v. Ashcroft,* 585 F.3d 559, 571 (2d Cir. 2009). Because plaintiffs here have an adequate – and functionally identical – remedy against defendant Campbell, a state actor, under 42 U.S.C. § 1983, their claim directly under the First Amendment is dismissed as being outside the scope of this Court's subject-matter jurisdiction.

**B. Statute of Limitations.** In an action brought under 42 U.S.C. § 1983, "federal courts should apply the statute of limitations applicable to the most similar state cause of action." *Leigh v. McGuire*, 613 F.2d 380, 382 (2d Cir. 1979). For plaintiffs' § 1983 cause of action, the statute of limitations is three years, pursuant to N.Y.Civ.Prac.Law & Rules § 214. *Cloverleaf Realty of New York, Inc., v. Town of Wawayanda,* 572 F.3d 93, 94 (2d Cir. 2009); *see Owens v.*

*Okure,* 488 U.S. 235, 237, 251 (1989).  However, notwithstanding the application of a state statute of limitations, it is well-established that "federal law determines when that [statutory] period begins to run." *Robertson v. Seidman & Seidman*, 609 F.2d 583 (2d Cir. 1979); *Wallace v. Kato,* 549 U.S. 384, 388 (2007).  Under federal law, a claim accrues when the plaintiff "knew or had reason to know of the injury serving as the basis of the claim." *Harris v. City of New York,* 186 F.3d 243, 247 (2d Cir. 1999); *Morse v. Univ. of Vermont*, 973 F.2d 122, 125 (2d Cir. 1992).

Plaintiffs filed their complaint on June 24, 2011. Accordingly, plaintiffs are permitted to seek recovery only for causes of actions that accrued on or after June 24, 2008.  As discussed below, this restriction will be most problematic for the claim of retaliatory-prosecution in violation of plaintiff Joanne Smith's First Amendment rights.

**C.  Rule 12(b)(6) Motion to Dismiss.**  To state a valid claim for relief under 42 U.S.C. § 1983, a plaintiff must demonstrate that a person acting under the color of state law has deprived the plaintiff of his or her federally protected rights.  *See Colombo v. O'Connell*, 310 F.3d 115, 117 (2d Cir. 2002).  In support of his motion to dismiss, defendant Campbell argues that plaintiffs have failed to make the necessary threshold showing of the violation of any specific federal right, and thus fail to state a claim under §1983 as a matter of law.

In their complaint, plaintiffs claimed violations only under the First Amendment to the United States Constitution. In their brief opposing defendant Campbell's motion to dismiss, plaintiffs for the first time assert a violation of the Fourth Amendment right to be free from unreasonable searches and seizures. The Court will assess whether a violation has been alleged under either of the constitutional rights asserted.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In determining whether a complaint states a facially plausible claim for relief, a court must accept all factual allegations in the complaint as true, construing them liberally and drawing all reasonable inferences in favor of the plaintiff. *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec. LLC*, 568 F.3d 374, 377 (2d Cir. 2009). This principle, however, "is inapplicable to legal conclusions," which are given no presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations alone "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 570.

**1. First Amendment.** Each of the three plaintiffs makes vague assertions regarding violations of their First Amendment rights to free speech by defendant Campbell. In addition, plaintiff Edward Lilly alleges a violation of his First

Amendment right to peaceable assembly. For the reasons that follow, the Court dismisses all such claims pursuant to Fed. R. Civ. P. 12(b)(6), granting leave to amend to plaintiffs Joanne Smith and Edward Lilly, and denying it to plaintiff Donald Smith.

Harassment is not a constitutional violation. *See e.g., Rosales v. Kikendall,* 677 F.Supp.2d 643, 648-49 (W.D.N.Y. 2010). However, when it is undertaken in retaliation for the exercise of one's First Amendment rights, it may be actionable under 42 U.S.C. § 1983. To state a prima facie claim for retaliation under § 1983, a plaintiff "must allege that (i) he has an interest protected by the First Amendment; (ii) the defendant's actions were motivated by or substantially caused by the plaintiff's exercise of that right; and (iii) the defendant's action effectively chilled the exercise of the plaintiff's First Amendment rights." *Connell v. Signoracci*, 153 F.3d 74 (2d Cir. 1998); Z*herka v. Amicone,* 634 F.3d 642, 645 (2d Cir. 2011). Certainly, the right to complain to and about public officials is protected by the First Amendment. *See Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir.1988); *Williams v. City of Carl Junction*, Missouri 480 F.3d 871, 874 (8th Cir. 2007) ("The criticism of public officials lies at the heart of speech protected by the First Amendment"). Malicious prosecution in retaliation for the exercise of such a right has been held as a sufficient basis for a retaliation claim under the First Amendment. *Id*.

*(1) Joanne Smith*

Plaintiff Joanne Smith has pled a plausible claim for retaliation under the First Amendment – specifically, retaliatory prosecution. However, it is unclear from the facts alleged in the complaint whether that claim is barred by the § 1983 three-year statute of limitations. Accordingly, Plaintiff Joanne Smith's claim under the First Amendment is dismissed, with leave to amend.

Plaintiff Joanne Smith brought her grievance concerning defendant Campbell's activities on November 22, 2007 to the New York State Trooper Barracks on November 26, 2007. According to the complaint, defendant Campbell issued and personally delivered three traffic tickets to plaintiff Joanne Smith approximately four hours later. Although she was initially found guilty of all three violations by Town Justice Sheeran, two of the violations were reversed on appeal by the County Court of Niagara County.

It appears plausible as alleged that defendant Campbell issued the traffic tickets against plaintiff Joanne Smith in response to and in retaliation for the complaint she voiced to New York State Police Sergeant Hieser. As the Second Circuit has instructed, given the difficulties of pleading specific intent within the allegations of a complaint, "[i]t is sufficient to allege facts from which a retaliatory intent on the part of the defendants reasonably may be inferred." *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 91 (2d Cir. 2002).

What is less clear, however, is at what point the alleged violation of plaintiff Joanne Smith's First Amendment rights occurred, that is, when the federal claim accrued for the purposes of the statute of limitations. Although, as defendant Campbell argues, the tickets were initially issued outside the statutory period, plaintiff Joanne Smith was found guilty of those violations – supported by Campbell's testimony – well within that period. The complaint fails to make clear when plaintiff Joanne Smith's injury became sufficiently concrete to permit her to bring a claim under § 1983 and the First Amendment, which is the point in time when the three-year statute of limitations began to run. In any event, the complaint also fails to allege a necessary element of any retaliatory prosecution claim, namely, a lack of probable cause for the underlying charges. *Hartman v. Moore*, 547 U.S. 250 (2006). In light of these defects, the Court dismisses plaintiff Joanne's Smith's claim under the First Amendment, with leave to replead.

(2) Donald Smith

Plaintiff Donald Smith has failed as a matter of law to state a claim under the First Amendment. Although he joined his wife, plaintiff Joanne Smith, in voicing her complaint against defendant Campbell, he was never personally retaliated against for that exercise of free speech. Only an action directed toward the individual raising the First Amendment claim may constitute adverse conduct for the purposes of retaliation. The complaint fails to allege a single retaliatory action by defendant Campbell specifically directed against plaintiff Donald Smith.

Accordingly, plaintiff Donald Smith's First Amendment claim is dismissed pursuant to Rule 12(b)(6), with prejudice.

   *(3) Edward Lilly*

Plaintiff Edward Lilly has also failed to assert a plausible claim that he was retaliated against for the exercise of his First Amendment right to free speech. In the only two incidents alleged in the complaint that could plausibly serve as a basis for such a claim, defendant Campbell made defamatory statements towards plaintiff Lilly – first in the town court and next in plaintiff Lilly's own driveway. However, as the Second Circuit has held, defamatory statements alone cannot ordinarily serve as the basis for a First Amendment retaliation claim. *Zherka v. Amicone*, 634 F.3d 642 (2d Cir. 2011) ("In our view, the presumed damages of defamation *per se* under New York law do not establish a concrete harm sufficient for a federal claim of First Amendment retaliation"). Such actions have been held insufficient to substantially chill a plaintiff's exercise of free speech, thus failing to satisfy the injury requirement as a matter of law. Plaintiff Lilly's claim under the First Amendment right to free speech is therefore dismissed, with prejudice.

Plaintiff Lilly may, however, have a viable claim under the First Amendment for a violation of his right to peaceable assembly. The First Amendment protects, *inter alia*, "the right of the people peaceably to assemble." U.S. Const., Amend. I. Plaintiff Lilly fails to provide any legal authority, however, in support of his theory

that the right to peaceable assembly extends to an individual's freedom to be present on another's private property, in the absence of any assembly or protest, while a police officer questions the owners of that property. (Dkt. No. 28, p. 8) ("Defendant Campbell also breeched [*sic*], Plaintiff, Lilly's right of peaceable assembly with his in-laws . . ."). Plaintiff Lilly has failed plausibly to allege how his First Amendment right to peaceable assembly was violated and the claim is therefore dismissed, with leave to amend.

2. **Fourth Amendment.** Plaintiffs also allege violations of their Fourth Amendment right to be free from unreasonable searches and seizures by defendant Campbell, arising out of defendant Campbell's investigation into the incident at the Orange Cat Coffee Company. The Court dismisses all such claims, granting leave to replead to Plaintiff Lilly, and denying it to Plaintiffs Joanne and Donald Smith.

The Fourth Amendment "protects people from unreasonable government intrusions into their legitimate expectations of privacy." *United States v. Chadwick*, 433 U.S. 1, 7 (1977). However, not every intrusion by a police officer onto the property of a citizen constitutes a search under the Fourth Amendment. As the test for such intrusions has evolved, it is only where the government "invades an object or area where one has a subjective expectation of privacy that society is prepared to accept as objectively reasonable" that a Fourth

Amendment interest is implicated. *U.S. v. Hayes*, 551 F.3d 138, 143 (2d Cir. 2008).

The privacy interest afforded a private residence extends to the curtilage of the home, which is described by the Supreme Court as the "area to which extends the intimate activity associated with the sanctity of a [person's] home and the privacies of life." *Oliver v. United States*, 466 U.S. 170, 180 (1984)(*quotation omitted*). The Second Circuit has generally found that homeowners have no reasonable expectation of privacy in their publicly exposed front yards and driveways, and that a police officer's presence in such areas does not amount to an intrusion under the Fourth Amendment. *See e.g., United States v. Hayes*, 551 F.3d 138, 145 (2d Cir. 2008) ("The sanctuary of a home simply does not extend to the front yard of [a person's] property . . .); *United States v. Reyes*, 208 F.3d 446 (2d Cir. 2001).

*(1) Joanne and Donald Smith*

At no point did defendant Campbell's alleged activities on plaintiffs Joanne and Donald Smith's property amount to a search under the Fourth Amendment. On the only occasion that defendant Campbell himself entered plaintiffs Joanne and Donald Smith's property, on July 12, 2008, he was in search of their son, Tom Smith, regarding events earlier that day at the Orange Cat Coffee Company. As the complaint alleges, defendant Campbell stopped his police car "directly outside [Plaintiffs'] house," and "came to the door of the house." After being told

that Tom Smith was not home, defendant Campbell's interactions with plaintiff Donald Smith ceased. At that point, he became involved in an argument with plaintiff Lilly. The entire argument took place in plaintiffs Joanne and Donald Smith's driveway.

Defendant Campbell entered the plaintiff Smiths' property for presumptively legitimate law enforcement business. He was present in the front yard, on the front steps, and in the front driveway, for what appears from the complaint to be a short period of time. Under no stretch of traditional Fourth Amendment jurisprudence did defendant Campbell's actions as alleged in the complaint constitute an unreasonable search of the plaintiff's house or property. Plaintiffs Joanne and Donald Smiths' claims under the Fourth Amendment are therefore dismissed, with prejudice.

*(2) Edward Lilly*

Defendant Campbell's actions similarly did not amount to a search with respect to plaintiff Lilly. Defendant Campbell was on plaintiff Lilly's property once, on July 16, 2009. On that occasion, defendant Campbell remained seated in the back of a New York State Trooper patrol car, parked outside of plaintiff Lilly's house, while fellow New York State Police officers questioned plaintiff Lilly. Although the defendant allegedly did exit the vehicle at one point and begin to approach plaintiff Lilly, he was stopped by other officers. Such actions fail to rise to the level of a search or a Fourth Amendment intrusion.

Plaintiff Lilly also makes a vague assertion that defendant Campbell's actions on July 12, 2008, amounted to an unlawful seizure in violation of the Fourth Amendment. As the complaint alleges, when plaintiff Lilly arrived at the Smiths' residence on July 12th, defendant Campbell and Lewiston Police Officer Pinzotti stood in front of and behind plaintiff Lilly in an intimidating manner, creating the impression that he was not free to move, while at the same time ordering him to leave the premises.

For purposes of the Fourth Amendment, a seizure occurs when "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). As phrased by the Supreme Court in *Florida v. Bostick*, the Fourt Amendment test is "whether a reasonable person would feel free to . . . terminate the encounter." *Florida v. Bostick*, 501 U.S. 429, 435 (1991).

Inappropriate though they might have been, defendant Campbell's alleged actions with respect to plaintiff Lilly fail to amount to an unreasonable seizure under the Fourth Amendment. Given defendant Campbell's repeated admonishments that plaintiff Lilly *leave* the premises, the Court cannot conclude that a reasonable person in plaintiff Lilly's position would not have felt free to leave or to "terminate the encounter." Plaintiff Lilly's Fourth Amendment claim is therefore dismissed, with leave to replead.

## CONCLUSION

For all of the forgoing reasons, plaintiffs' claims asserted directly under the First Amendment are dismissed, *sua sponte*, for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). Plaintiff Joanne Smith's and plaintiff Edward Lilly's claims under 42 U.S.C. § 1983 are dismissed pursuant to Fed. R. Civ. P. 12(b)(6), with leave to amend. All claims by plaintiff Donald Smith are dismissed with prejudice.

If plaintiffs elect to amend their complaint, they are directed to file an amended complaint on or before November 6, 2012. If plaintiffs elect not to amend their complaint, they shall file a notice of discontinuance on or before November 6, 2012.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: October 3, 2012