UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

===============================

JOANNE SMITH,
and EDWARD LILLY,

                              Plaintiffs,

                                                    **DECISION AND ORDER**
          v.                                         11-CV-00540-A

BEN CAMPBELL,
New York State Trooper,

                              Defendant.

===============================

          This civil rights action alleges Defendant Ben Campbell abused his authority

as a New York State Trooper.  The action is before the Court on objections filed by

Plaintiff Joanne Smith and Plaintiff Edward Lilly to a Report and Recommendation

of Magistrate Judge Leslie G. Foschio, Dkt. No. 44, recommending pursuant to 28

U.S.C. § 636(b)(1)(B) that the Court partially grant Defendant Campbell's motion to

dismiss Plaintiffs' Amended Complaint.

          For the reasons that follow, the Report and Recommendation is adopted as

modified.  Plaintiff Smith's allegations of First Amendment violations are dismissed

because they are untimely.  Plaintiff Lilly's allegations of unlawful detention under

the Fourth Amendment are dismissed for failure to state a claim, with leave to

replead.  Plaintiffs' intentional infliction of emotional distress claims are also

dismissed as untimely.

**BACKGROUND**

The Court assumes the parties' familiarity with the facts and the prior proceedings.  The factual allegations of the Amended Complaint, Dkt. No. 31, briefly summarized here, are presumed to be true, and do not constitute findings of the Court.  *See, Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

On November 22, 2007, Defendant Campbell was driving his personal vehicle when Plaintiff Smith allegedly failed to yield the right of way to him at a stop sign.  Amend. Compl. ¶¶ 13, 29.  Defendant Campbell followed Plaintiff Smith to her destination and questioned her about her condition and her driving.  *Id.* ¶¶ 22-41.  After an argument, Plaintiff's son, Tom Smith, took out his cell phone and threatened to call a New York State Trooper supervisor to complain about Defendant Campbell's treatment of his mother.  *Id.* ¶ 42.  Defendant Campbell left without issuing a traffic ticket.  *Id.* ¶ 45.

Four days later, Plaintiff Smith visited the local New York State Trooper barracks and complained about Defendant Campbell's behavior.  Amend. Compl. ¶ 42.  A few hours later, Defendant Campbell personally delivered to Plaintiff Smith three traffic tickets based on the earlier events.  *Id.*  ¶ 47.  Plaintiff Smith was found guilty on all three tickets.  *Id.* ¶¶ 52.  However, two of the tickets were later reversed.  *Id.* ¶ 55.

On July 12, 2008, Defendant Campbell and another officer went to Plaintiff Smith's house looking for Tom Smith.  Amend. Compl. ¶ 75.  Plaintiff Smith's son-

in-law, Plaintiff Lilly, arrived a short time later, but was told to leave.  *Id.* ¶ 77.

Plaintiff Lilly did not leave, and argued that he had a right to visit his family.  *Id.* ¶

78.  Defendant Campbell and the other officer surrounded Plaintiff Lilly, while also

directing him to leave and threatening to arrest him.  *Id.* ¶ 55.  Plaintiff Lilly left

some time later.  *Id.* ¶ 82.

Plaintiffs first filed suit on June 24, 2011.  Dkt. No. 1.  On October 3, 2012,

the Court dismissed their complaint with leave to amend.  Dkt. No. 30, p. 18.  On

November 5, 2012, Plaintiffs filed the Amended Complaint asserting:  (1)

"deprivation of rights under 42 U.S.C. § 1983," (2) "deprivation of rights under the

Fourth Amendment," and (3) "intentional infliction of emotional distress."  Dkt. No.

31, pp. 17-18.

The action was referred to Magistrate Judge Foschio for pretrial

proceedings.  Dkt. No. 33.  Defendant Campbell moved to dismiss the Amended

Complaint for failure to state a claim and lack of subject matter jurisdiction.  Dkt.

No. 37.  In ruling on the motions to dismiss, the Magistrate Judge construed the

Amended Complaint as alleging four distinct claims.  Dkt. No. 44.  The Magistrate

Judge construed Plaintiffs' first claim,  "deprivation of rights under 42 U.S.C. §

1983,"  as alleging:  (1) "retaliatory prosecution based on Defendant's issuance of

the traffic ticket to Smith," and (2) "a claim for interference with Lilly's right to

peaceable assembly based on Defendant's direction to Lilly to leave the premises."

Dkt. No. 44, at 18.

3

Magistrate Judge Foschio construed the Plaintiffs' second claim, "deprivation of rights under the Fourth Amendment," as a  Fourth Amendment unlawful seizure claim stemming from the incident where Defendant Campbell and another officer surrounded Plaintiff Lilly and threatened to arrest him.  He construed it as if it were alleged under § 1983, and not directly under the Fourth Amendment.

The Magistrate Judge accepted plaintiffs' characterization of their last claim, a state-law claim for intentional infliction of emotional distress.  Dkt. No. 44, at 29. The Magistrate Judge recommended granting Defendant Campbell's motion to dismiss the intentional infliction of emotional distress claim.  Dkt. No. 44, at 32.  He recommended denying the motion to dismiss the retaliatory prosecution and unlawful seizure claims.  Dkt. No. 44, p. 32.

## STANDARD OF REVIEW

The Court reviews *de novo* the portions of a magistrate judge's report and recommendation that have been objected to.  28 U.S.C. 636(b)(1)(B).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. 636(b)(1)(B).  The Court need not "review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed," *Armstrong Pump, Inc. v. Hartman*, No. 10–CV–446S, 2013 WL 5562432, at *1 (W.D.N.Y. Oct. 8, 2013), except for clear error.  Fed. R. Civ. P. 72(b)(2)-(3).

4

*De novo* means the reviewing court takes a plenary look at the matter,  "as though it had come to the courts for the first time."  *Zervos v. Verizon New York*, 252 F.3d 163, 168 (2d Cir. 2001).  Clear error, in contrast, is a highly deferential standard of review.  *Id.*  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Id.*  (*quoting United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

In deciding a motion to dismiss for failure to state a claim, the Court "constru[es] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."  *Goldstein v. Pataki,* 516 F.3d 50, 56 (2d Cir.  2008) (*quotation omitted*).  The plaintiff must "provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"  *Id.* (*quoting ATSI Commc'ns., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

## DISCUSSION

**Plaintiff Smith's First Amendment Claims are Untimely.**  The Magistrate Judge construed the Amended Complaint's first claim, "deprivation of rights under 42 U.S.C. § 1983,"  as alleging  "retaliatory prosecution."  Dkt. No. 44, at 19-20.  However, he applied the elements of a claim for  "First Amendment retaliation."  Dkt. No. 44, at 20 (citing *Dougherty v. Town of North Hempstead Board of Zoning Appeals*, 282 F.3d 83, 91 (2d Cir. 2002) (retaliation).  "First Amendment retaliation"

5

and "retaliatory prosecution" are separate claims. A First Amendment retaliation claim requires a defendant to have injured the plaintiff for exercising a First Amendment right. *See Dorsett v. County of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013). Retaliatory prosecution claims are similar, but require that the government lacked probable cause to prosecute. *See Hartman v. Moore*, 547 U.S. 250, 261 (2006).

As a general rule, § 1983 claims arising in New York are subject to a three year statute of limitations. *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994). The limitations period is a creature of state law, matching the state's statute of limitations for personal injury actions. *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002). While state law determines the § 1983 limitations period, "[f]ederal law determines when a federal claim accrues." *Id.* at 80.

Under federal law, § 1983 claims accrue "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d at 80 (*quotation omitted*); *see Singh v. Wells*, 445 Fed. App'x 373, 376-77 (2d Cir. 2011); *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994). The Supreme Court has noted that "'the proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful.'" *Morse v. Univ. of Vermont*, 973 F.2d 122, 125 (2d Cir. 1992) (*quoting Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)).

The Amended Complaint alleges facts that could satisfy the elements of a

First Amendment retaliation claim.  Such a claim requires a plaintiff to show  "(1) he

has a right protected by the First Amendment; (2) the defendant's actions were

motivated or substantially caused by his exercise of that right; and (3) the

defendant's actions caused him some injury."  *Dorsett v. County of Nassau*,  732

F.3d 157, 160 (2d Cir. 2013).  "While a bald and uncorroborated allegation of

retaliation might prove inadequate to withstand a motion to dismiss, it is sufficient

to allege facts from which a retaliatory intent on the part of the defendants

reasonably may be inferred."  *Gagliardi v. Village of Pawling*, 18 F. 3d 188, 195 (2d

Cir. 1994).

Plaintiff Smith alleges that on November 26, 2007 she visited the New York

State Trooper Barracks to complain about Defendant Campbell's behavior four

days earlier.[1]  Dkt. No. 31, ¶ 42.  About four hours later, Defendant Campbell

personally delivered three traffic tickets to her.  *Id.* ¶ 47.  If Plaintiff Smith's theory is

true, Defendant Campbell issued and delivered the tickets in retaliation for her

exercise of her First Amendment right to complain about him.

Nonetheless, Plaintiff Smith waited until June 24, 2011 to file the original

---

[1]   The First Amendment strongly protects an individual's right to complain of police misconduct.  It guarantees both the freedom of speech and the right to petition the government for redress of grievances.  *See* U.S. Const. amend. I.  "Indeed, 'the Supreme Court has described the right to petition government for redress of grievances as among the most precious of the liberties safeguarded by the Bill of Rights.'" *Estate of Morris ex rel. v. Dapolito*, 297 F. Supp. 2d 680, 692 (2d Cir. 2004) (*quoting Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir. 1988)) (internal quotation omitted).  This includes a right to challenge police actions without fear of reprisal, *City of Houston v. Hill*, 482 U.S. 451, 462-63 (1987), and "to complain about police misconduct—without being subjected to retaliation."  *Torres v. Village of Sleepy Hollow*, 379 F. Supp. 2d 478, 485 (S.D.N.Y. 2005) (citing *Kerman v. City of New York*, 261 F.3d 229, 241-42 (2d Cir. 2001)).

complaint.  Dkt. No. 1.  This was nearly three years and seven months after Defendant Campbell's allegedly retaliatory act.  Because the November 26, 2007 issuance of the tickets was when Plaintiff Smith  "knew"  or  "should have known" the basis of her injury, it is the date her claim for First Amendment retaliation accrued.

Plaintiff Smith alleges three other interactions with Defendant Campbell: that he came to her house looking for Tom Smith; that he parked across the street from her house  "for no legitimate reason;" and that he trained his spotlight and headlights on her house.  Dkt. No. 31, pp. 11, 15-16.  Plaintiff Smith has not alleged facts showing these other incidents were a source of harm or injury to her. Moreover, these later incidents do not alter the accrual date of her First Amendment retaliation claim.

Accepting the version of events alleged in the Amended Complaint, and drawing all inferences in Plaintiff Smith's favor, her claim for First Amendment retaliation accrued when she was issued the traffic tickets.  Because Plaintiff Smith waited more than three years to sue, her claim for First Amendment retaliation is untimely.

Similarly, any claim of Plaintiff Smith's for retaliatory prosecution must also be dismissed as time-barred because the claim was filed more than three years after the tickets were issued.  The Magistrate Judge relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), to recommend finding the retaliatory

prosecution claim not time barred on the ground that the claim did not accrue until the underlying proceedings terminated in favor of plaintiff Smith.  However, the Supreme Court's ruling in *Wallace v. Kato* restricts *Heck* to in criminal proceedings. 549 U.S. 384, 393 (2007) ("the Heck rule for deferred accrual is called into play only when there exists . . . an 'outstanding criminal judgment.'").  Traffic violations in New York are not criminal proceedings, *see* N.Y. Vehicle & Traffic Law § 155, so *Heck* does not delay accrual of the § 1983 claim based upon traffic violations.  *See e.g., Burroughs v. Dorn*, No. 13–CV–3609 (ARR)(LB),  2013 WL 6563153 *2 (E.D.N.Y. Dec. 10, 2013).

### Plaintiff Lilly's Claim of Unlawful Seizure Directly Under the Fourth Amendment is Dismissed.

"A person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."  *United States v. Mendenhall*, 446 U.S. 544, 554 (1980).  A police officer's show of authority may effect a seizure if it is coupled with actual submission.  *Brendlin v. California*, 551 U.S. 249, 254 (2007).  Factors to consider include  "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled."  *Mendenhall*, 446 U.S. at 554.

The Amended Complaint alleges that on July 12, 2008, Plaintiff Lilly arrived

at Plaintiff Smith's driveway to find Defendant Campbell and another officer talking

to Plaintiff Smith.  Amend. Compl. ¶ 76.  Defendant Campbell told Plaintiff Lilly to

leave, and then he and another officer closed around Plaintiff Lilly "instilling [a] fear

in Plaintiff, Lilly, that if he moved to disengage with officers, he would be arrested

for assault and batter or obstruction of government regulations."  *Id*. ¶ 79.

The Magistrate Judge recommends denying the Defendant's motion to

dismiss with regard to Plaintiff Lilly's Fourth Amendment unlawful seizure claim,

reasoning that  "a reasonable juror could find Lilly, in light of all the circumstances,

did not feel free to terminate his encounter with Defendant and, as such, was

seized."  Dkt. No. 44, p. 29.  On a motion to dismiss, reasonable inferences must

be drawn in the plaintiff's favor and all facts alleged in the complaint must be taken

as true.

However, the Court previously dismissed pursuant to Fed. R. Civ. P. 12(h)(3)

claims asserted in this action directly under the U.S. Constitution.  *See* Dkt. No. 30,

pp. 6-7.  If Plaintiff Lilly has a viable Fourth Amendment claim, he will have to plead

it as a § 1983 claim, and he has not done so.  The Amended Complaint excludes

plaintiff Lilly's Fourth Amendment allegations from his § 1983 claim.  *Compare* Dkt.

No. 31 ¶ 137 *with* ¶¶ 134-35.  Plaintiff Lilly's Fourth Amendment claim is therefore

dismissed with leave to replead.

### Plaintiffs' Other Claims Are Dismissed as Recommended.

Neither party objects to the portions of the Magistrate Judge's Report and

Recommendation regarding the Plaintiffs' peaceable assembly claim and intentional infliction of emotional distress claim.  Thus, the Magistrate Judge's findings and rulings on these claims are reviewed for clear error.

The Magistrate Judge found that Plaintiff Lilly had not pled sufficient facts to state a peaceable assembly claim.  Dkt. No. 44, p. 21.  This Court had originally dismissed the claim with leave to replead with "new facts 'establishing the right to peaceable assembly extends to an individual's freedom to be present on another's property, in the absence of any assembly or protest, while a police officer questions the owner of that property.'"  Dkt. No. 44, p. 21.  The Magistrate concluded that Plaintiff Lilly had failed to include any new relevant facts to this effect, and had essentially abandoned the claim.  Dkt. No. 44, p. 22.

Similarly, the Magistrate Judge's Report and Recommendation suggests that the Plaintiffs withdrew their state law claim for intentional infliction of emotional distress, and that the claim is also time barred.  Dkt. No. 44, pp. 30-31.  The Plaintiffs  "previously withdrew what is essentially the same intentional infliction of emotional distress claim asserted in the original complaint . . . based on an admission that upon their review of the applicable statute of limitations, the claim was time-barred."  Dkt. No. 44, p. 30.  Noting that the  "Plaintiffs essentially have conceded the emotional distress claim," the Magistrate Judge verified that the statute of limitations is one year, and confirmed that the latest allegations against Defendant Campbell were more than a year old before the Plaintiffs sued.  Dkt. No.

44, p. 31.  He then recommended dismissing the claim.

The Magistrate Judge's determinations with regard to the peaceable assembly and intentional infliction of emotional distress claims were not clearly erroneous.  The Court dismisses those claims as recommended.

## CONCLUSION

For the reasons stated above, the Report and Recommendation, Dkt. No. 44, is adopted as modified, and Defendant Ben Campbell's motion to dismiss is granted with respect to Plaintiffs' First Amendment and intentional infliction of emotional distress claims on the ground that the claims are untimely, and granted with respect to Plaintiff Lilly's claim for unlawful seizure in violation of the Fourth Amendment, with leave to replead.  The case is recommitted to Magistrate Judge Foschio for further proceedings pursuant the Court's earlier order referring the case for pretrial proceedings.

**IT IS SO ORDERED.**

_____*Richard J. Arcara*_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  April 2, 2014