UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EDWARD M. LILLY,

                          Plaintiff,

                                                 **DECISION AND ORDER**
            v.                                             11-CV-540-A

BENJAMIN J. CAMPBELL,

                          Defendant.

---

      This civil action alleging police misconduct was referred to Magistrate Judge Leslie G. Foschio pursuant to 28 U.S.C. § 636(b)(1) for pretrial proceedings. On March 14, 2017, Magistrate Judge Foschio filed a Report and Recommendation (Dkt. No. 76) recommending that a motion pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendant Benjamin J. Campbell to dismiss (Dkt. No. 64) the Second Amended Complaint be granted in part and denied in part. The Magistrate Judge recommends that the Court find that the Second Amended Complaint adequately alleges that Plaintiff Edward M. Lilly was unlawfully seized by Defendant Campbell for a brief period of time on July 12, 2008, at 30 Cayuga Drive, Lewiston, New York, in circumstances giving rise to potential liability under 42 U.S.C. § 1983 for a Fourth Amendment violation. Dkt. No. 76, pp. 12-14.

      The parties filed objections to the Report and Recommendation, responses, and replies. Dkt Nos. 77-78, 80-83. The Court reviews *de novo* the portions of a magistrate judge's report and recommendation to which objections are raised. 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge." *Id*. at § 636(b)(1)(B).

The Court has carefully reviewed the Report and Recommendation, the record in the case, and the arguments of the parties. The Court assumes the parties' familiarity with the prior proceedings and the factual allegations of the Second Amended Complaint. Dkt. No. 60. The factual allegations are presumed true, and as referenced here are not findings of fact by the Court. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Oral argument is unnecessary.

The Court finds that Second Amended Complaint plausibly alleges that the freedom of movement of Plaintiff Lilly was intentionally restricted by Defendant Campbell for a brief period of time on July 12, 2008, at 30 Cayuga Drive, Lewiston, New York. Specifically, Plaintiff alleges that, shortly after the Plaintiff elected not to comply with Defendant's shouted order to immediately leave 30 Cayuga Drive, the Plaintiff was confined by the close proximity of his own car, the Defendant, and another law enforcement officer, while the Defendant, who was standing about six inches from the Plaintiff, face-to-face, shouting and flailing his arms, berated the Plaintiff to leave. The duration of this alleged confinement is not clear from the allegations of the Second Amended Complaint, except that it was brief.

The Fourth Amendment gives citizens the "right . . . to be secure in their persons . . . against unreasonable . . . seizures." U.S. Const. amend. IV. Made applicable to restrict the powers of state and local governments by operation of the Fourteenth Amendment, U.S. Const. amend. XIV, the Fourth Amendment limits governmental seizures to "prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals." *United States v. Martinez–Fuerte*, 428

U.S. 543, 554 (1976). And § 1983 authorizes a private right of action for citizens to sue in either federal or state courts for violations of their Fourth Amendment rights. *Haywood v. Drown*, 556 U.S. 729 (2009) (federal subject-matter jurisdiction under 28 U.S.C.A. §§ 1331 and 1343(a)(3) is concurrent with states').

Upon *de novo* review of the Report and Recommendation, the Court finds that a reasonable person would not have felt free to leave during the brief period of time during which Plaintiff Lilly was allegedly confined by Defendant Campbell and was being berated by the Defendant to leave. The Magistrate Judge correctly recommends that the brief confinement could, if proven, and if proven unreasonable under all the circumstances, give rise to liability under § 1983 as an unreasonable seizure violating the Fourth Amendment.

The Court finds the Magistrate Judge also correctly recommends that the alleged seizure under the Fourth Amendment did not commence when Defendant Campbell first ordered Plaintiff Lilly to leave 30 Cayuga Drive. No force was applied to restrain the Plaintiff's freedom of movement at that time, and the Plaintiff did not submit to any show of authority by the Defendant. By the same token, the brief seizure that is alleged in the Second Amended Complaint ended shortly after it began when the Plaintiff was no longer confined by the Defendant and the close proximity of the other law enforcement officer. Similarly, when the Defendant allegedly moved his vehicle behind Plaintiff's car in the driveway at 30 Cayuga Drive for another short period of time, it was neither a continuation of any on-going earlier seizure of the Plaintiff nor part of a distinct Fourth Amendment seizure of the Plaintiff, though the conduct may be admissible in evidence if offered for the limited purpose of corroborating that the earlier brief seizure

3

of Plaintiff was deliberate. *See Dancy v. McGinley*, 843 F.3d 93, 116 (2d Cir. 2016) ("[A]s long as an officer deliberately performed acts that constitute a seizure, the Fourth Amendment has been triggered, regardless of whether it was accomplished by the exact method intended.") Accordingly, it is

**ORDERED**, pursuant to 28 U.S.C. § 636(b)(1), for the reasons set forth in the Report and Recommendation (Dkt. No. 76), the motion of Defendant Benjamin J. Campbell pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Second Amended Complaint (Dkt. No. 64) is granted in part and denied in part. The case may proceed on the allegations that a Fourth Amendment seizure occurred when the freedom of movement of Plaintiff Edward M. Lilly was restricted on July 12, 2008, at 30 Cayuga Drive, Lewiston, New York, by the proximity of the Defendant Campbell, another law enforcement officer, and Plaintiff Lilly's car. The case is recommitted to the Magistrate Judge for further proceedings pursuant to the Court's earlier referral order. Dkt. No. 33.

**SO ORDERED.**

                          *Richard J. Arcara*
                         HONORABLE RICHARD J. ARCARA
                         UNITED STATES DISTRICT COURT

Dated: April 27, 2017