UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EDWARD M. LILLY,

                              Plaintiff,              Case # 11-CV-540-FPG

v.                                                   DECISION AND ORDER

BEN CAMPBELL,

                              Defendant.

Plaintiff Edward M. Lilly brings this civil rights action against Defendant Ben Campbell, a New York State Trooper, alleging that Campbell unlawfully seized him in violation of the Fourth Amendment. ECF No. 60. Presently before the Court is the Report & Recommendation ("R&R") of United States Magistrate Judge Leslie G. Foschio (ECF No. 110), in which he recommends granting Campbell's motion for summary judgment (ECF No. 104) on the ground of qualified immunity. *See* ECF No. 110 at 15. Judge Foschio determined in the alternative that, should this Court disagree on the issue of qualified immunity, summary judgment should be denied because there are genuine issues of material fact. *See id.* at 16-18.

Campbell and Lilly have filed objections to the R&R. ECF Nos. 113, 114. Lilly objects to Judge Foschio's conclusion that Campbell is entitled to qualified immunity, while Campbell objects to the alternative conclusion that there are genuine issues of material fact on the merits of Lilly's Fourth Amendment claim.

Generally, a court reviews portions of an R&R to which a party makes specific objections *de novo.* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). When a party does not object to the R&R, however, the court will review it for clear error. *EEOC v. AZ Metro Distributors, LLC*, 272 F. Supp. 3d 336, 339 (E.D.N.Y. 2017). "When performing such a clear error review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 686 (N.D.N.Y. 2015) (internal quotation marks omitted). After conducting the appropriate review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Concerning Lilly's objection to qualified immunity, the Court has conducted a *de novo* review of the record, the briefing, and the R&R. The Court concurs with Judge Foschio's conclusion that the right at issue was not "clearly established" at the time of the incident. ECF No. 110 at 15. Accordingly, Campbell is entitled to qualified immunity. *See Ladd v. Thibault*, 402 F. App'x 618, 619 (2d Cir. 2010) (summary order) ("[A] qualified immunity defense is established if . . . the defendant's action did not violate clearly established law . . . .").

Because the qualified immunity issue is dispositive, it is unnecessary for the Court to determine whether, as Judge Foschio concluded, Campbell's conduct violated the Fourth Amendment. *See* ECF No. 110 at 16-18. Therefore, simply as a matter of prudence, the Court declines to adopt the R&R's assessment of the underlying constitutional issue. *See Dean v. Blumenthal*, 577 F.3d 60, 67-68 (2d Cir. 2009) (noting that a court is not required to evaluate whether a right exists where it is "plain" that the right is not "clearly established").

Accordingly, the Court ADOPTS IN PART and REJECTS IN PART Judge Foschio's R&R (ECF No. 110) and GRANTS Campbell's summary judgment motion (ECF No. 104). The complaint is DISMISSED. The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 11, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court